This is a bill for specific performance. Defendants had listed their home for sale with Mr. Gutleber, a real estate broker, and had set the price at $13,000. Complainant, who was so informed by the broker, told him that he would buy the house at that price and instructed him to pay a deposit and to prepare a contract of sale. Gutleber called on defendants, told them of complainant's decision, paid them $100 and took their signed receipt which reads as follows:
"Received from William E. Bardusch of 84 Maplewood Avenue, Maplewood, Essex County, New Jersey, the sum of $100 (one hundred dollars) as a deposit on the property on Madisonville Road, Basking Ridge, New Jersey, now occupied by me, containing 5 acres more or less, purchase price being $13,000 (thirteen thousand dollars) $1,200 to be paid upon signing of a formal contract and $1,300 to be paid April 1st balance in cash to be paid on June 15th, 1946, upon delivery of deed and occupancy." *Page 328 
The broker immediately repaired to his office, drew a contract, procured complainant's signature, and then hurried back to the defendants. They were unwilling to execute the contract until their lawyer approved, so Gutleber left it with them. The following day, he called again, but another buyer, ready to pay a higher price, was conferring with them when he arrived. So defendants definitely declined to proceed with the sale to complainant and tendered the deposit money back.
The theory is not tenable that the receipt constituted an offer by defendants and the complainant's execution of the formal contract was an acceptance of the offer. "In order to make a contract, the acceptance must, in every respect, meet and correspond with the offer, neither falling within nor going beyond the terms proposed." Martindell v. Fiduciary Counsel,Inc., 131 N.J. Eq. 523; 133 N.J. Eq. 408. The formal contract contains several terms not found in the receipt: It calls for a warranty deed; it requires defendants to make certain repairs and to pay a broker's commission for which they are otherwise not liable.
Complainant is forced to the position that the contract was made on the occasion the deposit was paid and, since he was not himself present, that Gutleber was his agent, empowered to contract on his behalf. I find that the agency has not been proved. The general situation is inconsistent with the notion that complainant authorized the broker to make a definite contract, obligatory upon complainant. The purchase of land for $13,000 is an important transaction, usually handled by the buyer himself, often under the advice of counsel, or delegated to a carefully selected agent, acting in accordance with carefully considered and precise instructions. It does not appear that complainant was even acquainted with Gutleber before this transaction. The instructions given him were brief and informal. The receipt signed by defendants was so little considered at the time, that complainant is uncertain whether the broker even showed it to him when he brought the contract for him to sign. More important than these general considerations are the facts that complainant asked Gutleber to draft the contract, that Gutleber did so and complainant executed it. From the beginning, he intended *Page 329 
that the contract which would bind him would be signed by himself.
Later, complainant attempted to ratify the action of Gutleber in making the alleged contract. But this was after defendants had withdrawn. It was then too late to make the contract obligatory upon them. Where a person, without authority, purports to contract as an agent, neither his principal nor the other party to the contract is bound. Such other party can withdraw his consent to the contract at any time before ratification.Restatement — Agency, § 88; 2 C.J.S. 1142.
Inasmuch as complainant has no contract with defendants, the bill will be dismissed, but without costs.
The same result might have been reached, starting with an assumption that a tentative agreement was made when the deposit was paid, for the parties did not intend to be bound until a formal contract were executed. Moran v. Fifteenth WardBuilding and Loan Association, 131 N.J. Eq. 361; Hardy v.Hangen, 134 N.J. Eq. 176.